**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 08-6212

UNITED STATES OF AMERICA,

  Plaintiff - Appellee,

  v.

DANETTE LAVAINE MAYFIELD,

  Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Statesville. Richard L. Voorhees, District Judge. (5:01-cv-00083-RLV; 5:98-cr-00164-RLV-11)

Submitted: February 9, 2009          Decided: April 8, 2009

Before WILLIAMS, Chief Judge, TRAXLER, Circuit Judge, and HAMILTON, Senior Circuit Judge.

Vacated and remanded by unpublished per curiam opinion.

Michael L. Waldman, Brian A. Pérez-Daple, ROBBINS, RUSSELL, ENGLERT, ORSECK, UNTEREINER & SAUBER, LLP, Washington, D.C., for Appellant. Gretchen C. F. Shappert, United States Attorney, Adam Morris, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Danette Mayfield appeals from the district court's order denying her 28 U.S.C.A. § 2255 (West Supp. 2008) motion. Previously, we resolved all of Mayfield's claims but one: that her attorney rendered ineffective assistance of counsel by failing to object to the inclusion of two juvenile convictions in the calculation of her criminal history category. As to that claim, we found that the district court had improperly dismissed it as untimely, and we remanded for consideration of the claim on its merits. See United States v. Mayfield, No. 06-6282 (4th Cir. Dec. 7, 2006) (unpublished).

On remand, the district court sua sponte entered a final order, finding that Mayfield could not show prejudice from any error of counsel. Specifically, the court stated that, because Mayfield pled guilty, she was required to show that "but for counsel's alleged errors, this petitioner would have insisted on a trial," citing Hill v. Lockhart, 474 U.S. 52, 59 (1985). The court then went on to note that Mayfield had "[i]ncredibly" "not bothered to assert or even to hint that but for this alleged error, she would have insisted upon going to trial." Finding that there was little likelihood that Mayfield would have demanded a trial absent counsel's alleged error, the court rejected Mayfield's claim.

On appeal, the parties agree that the district court applied the wrong legal standard. While ineffective assistance claims in the guilty plea context are usually evaluated under the standards announced in Hill, Mayfield does not challenge her counsel's actions in relation to the entry of her guilty plea. Instead, because Mayfield argues that her attorney was ineffective at sentencing, the standard Strickland analysis is appropriate. See Strickland v. Washington, 466 U.S. 668, 687 (1984) (movant must show that attorney's conduct fell below objective standard of reasonableness and that there is a reasonable probability that, absent these errors, the result of the proceeding would have been different); see also Royal v. Taylor, 188 F.3d 239, 248-49 (4th Cir. 1999) (noting that Hill standard applies only during "challenge to guilty plea" and applying Strickland to ineffective assistance at sentencing claim, requiring only that "sentence would have been more lenient" absent counsel's errors).

Accordingly, we vacate the district court's order and remand for consideration of Mayfield's claim under the proper standard. Although the parties suggest that we may decide the matter on the record before us in the first instance, we find that there is a factual issue which must be determined by the district court prior to the application of the Strickland legal analysis. Specifically, on remand, the district court must

3

determine when Mayfield commenced her conduct for the offense of conviction, in accordance with U.S. Sentencing Guidelines Manual § 4A1.2(d)(2) (1998). Once this factual dispute is resolved, the district court can proceed to address whether counsel was ineffective for failing to object to the inclusion of the juvenile convictions in Mayfield's criminal history category calculation. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED